RAFAEL BLANCH, Plaintiff and Appellee, *v.* HEIRS OF FELICIANA DEL MORAL DE MARTÍNEZ, Defendants and Appellants.

No. 8098. Argued May 23, 1940.—Decided June 10, 1940.

*Pascasio Fajardo Martínez* for appellants.   *Enrique Báez García* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Rafael Blanch brought an action against the heirs of Feliciana del Moral de Martínez, to recover the sum of $550 dollars which he alleged to have loaned to the deceased with the consent of her husband at the rate of $10 monthly during the period from July 1927 to September 1928.   The plaintiff alleged that the deceased bound herself to repay him the amount of the loan as soon as she received from her mother a certain sum as an advance on account of her hereditary share; that the debtor died without having returned to the plaintiff the amount of the loan, leaving the defendants as her sole heirs and decedents who have not paid the debt either.

The defendants answered and denied specifically the essential averments of the complaint and set up the prescription of the action brought by the plaintiff.   In a cross complaint they alleged:

That the cross-complainants were the heirs of Doña Carmen Nadal y Freyre, widow of Del Moral, who died on April 23, 1932, and that as such heirs they acquired under the testator's will and *per stirpes* one-fifth of two-thirds of the estate of the testator, which inheritance they accepted; that the plaintiff and cross-defendant, at the time of the death of Doña Carmen Nadal y Freyre owed to the latter the sum of $3,000 on account of rent upon a lot, at the rate of $50 monthly during sixty months from September 1925 to August 1930; that one-fifth of two-thirds of said debt belongs to the

cross-complainants as heirs of Doña Carmen, and they demanded judgment for that amount in their favor.

The plaintiff and cross-defendant pleaded the defenses of prescription of the action set forth in the cross complaint; lack of a cause of action; and want of jurisdiction in the district court to entertain the cross complaint, wherein only the sum of $400 was claimed.

After considering the demurrers interposed to the cross complaint, the lower court entered an order dismissing the cross complaint on the following grounds: (a) Because from the allegations of the cross complaint it did not appear that the sum of $400 owed by Rafael Blanch to Doña Carmen Nadal Freyre and claimed by the cross-complainants as heirs of the latter, had been allotted to said heirs as a part of their hereditary share; and (b) because, as the sum claimed only amounted to $400, the municipal court was the tribunal which had original jurisdiction of the case.

On March 30, 1939, the date set for the trial of the case, the defendants alleged that the action brought by the plaintiff had prescribed, in accordance with subdivision 3 of section 1866 and section 1869 of the Civil Code (1930 ed.).

The district court rendered judgment dismissing the defense of prescription and sustaining the complaint. The defendants have taken the present appeal which they base on ten assignments of error.

■ In the first four assignments it is urged that the lower court erred in overruling the demurrers to the complaint and the special defense of prescription.

In our judgment, the complaint is sufficient. In it there is alleged the contracting of a loan and the undertaking of the debtor to repay the sum borrowed as soon as she obtained an advance on account of her hereditary share; and that the debtor died without fulfilling the obligation and leaving as her sole heirs the defendants.

■ The obligation to pay the amount of the loan matured on December 6, 1928, the date on which the debtor died with-

out having obtained the advance on account of the inheritance from her mother. The complaint was filed on March 29, 1937, or about nine years after the obligation matured. The limitation period fixed by subdivision 3, section 1866 of the Civil Code (1930 ed.), is not applicable to the case at bar.

Commenting on section 1966 of the Spanish Civil Code, which is equivalent to section 1866 of our code, Manresa says:

"*Prescription of five years.*—According to the provisions of section 1966, actions to enforce the performance of the following obligations prescribe in five years:

"1. The payment of allowances for support;

"2. The payment of rents, whether derived from rural or farm property;

"3. Any other payments which should be made annually or in shorter periods.

"This rule of prescription is applicable only to claims involving the payment of arrears of allowances (*pensiones*), the payment of which could be demanded annually or in shorter periods. It has been so held by the Supreme Court in its judgment of October 26, 1904, in which the doctrine was also laid down that, for the purpose of the prescription covered by the cited section 1966, the origin, cause, or reason of the acknowledgment of the debt can not serve as a basis, but only the nature of the obligation contracted; . . ."

As a personal action for a money judgment is involved, for which no special term of prescription is fixed by the law, application must be made of section 1864 of the Civil Code which prescribes the period of 15 years for the exercise of such actions. The trial court did not err in overruling the demurrers and the defense of prescription.

■ The defendants were bound to pay the debt contracted by their mother, not only because they were her sole and universal heirs, but also and specially because they had inherited in her name and representation her share in the estate of Doña Carmen Nadal y Freyre, with the proceeds of which she had promised to pay the debt to the plaintiff.

■ The lower court did not err in holding that the action set forth in the cross complaint had prescribed. An action

to enforce the performance of the obligation to pay rents, whether the latter are derived from rural or urban properties, prescribes in five years. Subdivision 2, section 1866, Civil Code (1930 ed.).

We deem it unnecessary to discuss the remaining assignments. They all refer to the question of the interruption of the prescription by the alleged acknowledgment of the debt by the husband of the debtor and father of the defendants. As we have decided that the applicable term of prescription is 15 years and that the action of the plaintiff was brought in time, the question of whether or not the husband acknowledged the debt or had a right to acknowledge it, lacks importance.

There was no error in the admission of the two letters written by the husband of the debtor to the plaintiff creditor in May and June 1932, wherein the former accepted and acknowledged the debt contracted by his wife. These letters were admissible to prove that the obligation had been contracted with the consent of the husband. A subsequent ratification is tantamount to a previous consent.

The judgment appealed from must be affirmed.